**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Civil Action No.     CCB-20-2407 |
| v. | * | Criminal Action No. CCB-11-0569 |
| | * | |
| DANILO GARCIA | * | |
| | *** | |

**MEMORANDUM**

On October 13, 2015, Danilo Garcia was convicted by a jury of conspiracy to distribute a kilogram or more of heroin and related charges. (ECF 780). His conviction was affirmed on direct appeal to the Fourth Circuit and the mandate was issued on January 6, 2017. (ECF 861). On August 20, 2020, more than three years after Garcia's conviction became final, the court received his motion to vacate conviction under 28 U.S.C. § 2255, alleging without proof that the indictment was not properly returned by the grand jury in open court. (ECF 890). The government has responded (ECF 895), and Garcia has filed a reply (ECF 897). For the reasons stated below, the motion will be denied.

As thouroughly explained in the government's response (ECF 895), the motion to vacate was filed well past the one-year limitations deadline and therefore is untimely. *See* 28 U.S.C. § 2255(f) (defendant has one year from the date when judgment of conviction becomes final to file a motion to vacate). Further, the claim about the indictment could have been raised on direct appeal, but was not, and therefore is procedurally defaulted. Garcia's reply provided no basis for equitable tolling or to excuse the procedural default. Finally, there is no merit to his claim. The superseding indictment on which he was convicted, with the foreperson's signature, is on the court's electronic docket. (*See* ECF 314; ECF 315). There is no evidence of any irregularity.

1

Accordingly, the motion to vacate (ECF 890) will be denied without an evidentiary hearing, and no certificate of appealability will issue.  A separate Order follows.

| | |
|---|---|
| 12/7/2020 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |