IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-11-569 |
| | * | |
| DANILO GARCIA | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM

Danilo Garcia is a fifty-one-year-old Dominican national and federal prisoner serving a 151-month sentence for heroin distribution. Now pending is Garcia's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECFs 905, 909). Garcia seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 915), and Garcia has replied (ECF 916). For the reasons explained below, the motion will be granted, and Garcia's sentence will be reduced to time served.

## BACKGROUND

In October 2012, a jury convicted Garcia of one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, as well as four counts of possession with intent to distribute heroin, in violation of 21 U.S.C. ¶ 841. (*See* ECF 314, Superseding Indictment, at 1-3, 69; ECF 418, First Jury Verdict). On appeal, the Fourth Circuit found that there were inadequate safeguards to protect the jury from conflating a Government witness's testimony as an expert and fact witness, vacated the judgment and remanded the case. *See United States v. Garcia*, 752 F.3d 382 (4th Cir. 2014). In October 2015, a second trial resulted in a jury conviction of Garcia to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, as well as four counts of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841. (*See* ECF 780, Second Jury Verdict). The evidence at Garcia's second trial established that Garcia was a member of a heroin trafficking

1

conspiracy. (ECF 915-3, Presentence Report, at 5). Operating out of New York state, Garcia met with suppliers and subsequently arranged for large quantities of heroin to be shipped to buyers in Baltimore. (*Id.*). The court sentenced Garcia to a total term of imprisonment of 151 months of imprisonment followed by five years of supervised release. (ECF 813, Amended Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Through counsel, Garcia submitted a request for compassionate release to the warden of FCI Hazelton, where he is currently incarcerated, on March 23, 2021, which was denied on March 30, 2021. (ECF 912 at 2, 912-4). The government does not contest that Garcia has properly exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Garcia's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

**I.   Garcia's Medical Conditions are "Extraordinary and Compelling"**

Garcia argues that his risk of developing serious illness related to COVID-19 due to his age and underlying medical conditions (types I and II diabetes, hypertension (high blood pressure), hyperlipidemia, and untreated cataracts) constitutes an "extraordinary and compelling reason" to reduce his sentence. The CDC's data collection shows that hypertension "can make you more likely to get severely ill from COVID-19." *See COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021).[1] At the same time, the scientific evidence supporting that conclusion is, at this time, "mixed." *See COVID-19: Underlying Medical Conditions Associated with*

---

[1] Cataracts and hyperlipidemia are not listed as underlying medical conditions.

*High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Type I and Type II Diabetes are listed by the CDC as aggravating medical conditions supported by systematic review. *Id.* The government acknowledges that Garcia's diabetes and hypertension place him at higher risk for developing serious illness related to COVID-19. (*see* ECF 915, Opp'n at 13-15). Despite these diagnoses, the government contends that because Garcia is fully vaccinated and could manage his conditions in BOP custody, his medical conditions do not rise to an "extraordinary and compelling reason" for compassionate release.

The court finds that Garcia's diabetes, and potentially his hypertension, pose an elevated risk of severe illness from COVID-19. Vaccination, while it should be considered, is not determinative of whether Garcia's medical conditions rise to the level of "extraordinary and compelling reasons" for compassionate release. *See United States v. Spriggs*, No. CR CCB-10-0364, 2021 WL 1856667 (D. Md. May 10, 2021). In this case, in light of all the circumstances and the medical records provided, Garcia has met his burden of demonstrating underlying conditions that constitute "extraordinary and compelling reasons" for compassionate release.

## II. The § 3553(a) Sentencing Factors Warrant Compassionate Release

The court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A). The court accounts for Garcia's history and characteristics and also must ensure that the sentence imposed reflects the seriousness of the offense and provides for adequate deterrence. *See* § 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(B). As explained above, Garcia's conduct was serious, involving a leadership role in distributing a large

quantity of heroin. This was, however, Garcia's first offense, and it was non-violent. (ECF 912-3, Pre-Sentence Report, at 1, 6).[2]

Garcia already has served 118 months, or just shy of ten years, totaling over three-quarters of his sentence. His projected release date is now less than a year away, July 29, 2022. This time served adequately reflects the seriousness of the offense and has provided for adequate deterrence from future criminal conduct. As Garcia is subject to an immigration detainer and will be deported to the Dominican Republic to live with his father upon release, his early release poses little danger to the public. Additionally, it is likely he will spend time in ICE custody pending his deportation.

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of reducing Garcia's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Garcia of severe illness from COVID-19 should he remain in prison, leads the court to conclude that Garcia is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Garcia's motion for compassionate release (ECFs 905, 909) will be granted. The associated motions to seal (ECFs 911, 914) will be granted to protect the confidentiality of personal information.

A separate Order follows, which will be stayed for up to seven days to make appropriate travel arrangements and to ensure Garcia's safe transfer into ICE custody, including by placing Garcia in quarantine for a period of seven days and to evaluate him for the purposes of receiving a medical clearance. If more than seven days are needed to make appropriate travel arrangements and ensure

---

[2] The government failed to produce any evidence of a disciplinary record while incarcerated, suggesting to the court that Garcia has not acted violently or demonstrated that he presents a danger to the community since his commitment.

Garcia's safe transfer, the United States shall immediately notify the court and show cause why the stay should be extended. An amended Judgment and Commitment Order will be issued reflecting these changes.

|   |   |
|---|---|
|   10/15/21 |     /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |